JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8218 FMO (SHx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Amy Hill v. Avis Budget Car Rental LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:** (In Chambers) Order Remanding Action

On January 15, 2014, Amy Hill ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against Avis Budget Car Rental, LLC ("defendant") and Does 1 through 10. (See Notice of Removal ("NOR") at Exhibit ("Exh.") A ("Complaint")). On February 21, 2014, defendant filed a Notice of Removal of that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See id. at ¶ 6). On April 2, 2014, the court remanded the case, finding that it lacked subject matter jurisdiction. (See id. at Exh. C) (Court's Order of April 2, 2014).

On October 23, 2014, nearly seven months after the prior removal, defendant again removed the instant action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (See NOR at ¶¶ 12-13). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See id. ("Federal jurisdiction must be rejected if there is any doubt as to

---

[1] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8218 FMO (SHx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | Amy Hill v. Avis Budget Car Rental LLC, et al. | | |

the right of removal in the first instance.").

Here, the court's review of the second Notice of Removal and the Complaint, (see, generally, NOR; Complaint;), makes clear that this court does not have diversity jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. §§ 1441(a);[2] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold of $75,000. See 28 U.S.C. § 1332;[3] Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes and citations omitted). Here, defendant has not met its burden in establishing that the amount in controversy meets or exceeds the diversity jurisdiction threshold.

As an initial matter, plaintiff's Complaint seek damages "in an amount according to proof," rather than a specific amount. (See Complaint at 11) (Prayer for Relief). In addition, defendant's reliance on plaintiff's lost wages is unpersuasive. Defendant estimates that the amount in controversy for plaintiff's lost wages is $44,593.92. (See NOR at ¶ 27; id., Exh. G (Declaration of Christopher Rolletta [Human Resources Director for defendant's West Area Operations] in Support of Defendant's Notice of Removal) ("Rolletta Decl.") at ¶ 3). Defendant bases this calculation on plaintiff's bi-weekly salary at the time of her termination and points to plaintiff's deposition testimony that she has been unemployed since the date of her termination. (See id.; NOR, Exh. F (deposition of Amy Hill) ("Plt's Depo.") at 416-17). Extrapolating from this, defendant claims plaintiff's lost wages should be calculated as 24 bi-weekly pay periods of $1,858.08 from

---

[2] Title 28 U.S.C. § 1441(a) provides that:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8218 FMO (SHx) | Date | **November 10, 2014** |
|---|---|---|---|
| Title | **Amy Hill v. Avis Budget Car Rental LLC, et al.** | | |

November 17, 2013, the date of her termination, to the date of the second removal.[4] (See NOR at ¶ 27). Standing alone, this figure does not satisfy the jurisdictional threshold.

Moreover, the figure for plaintiff's lost wages is even lower than defendant claims when one takes into account plaintiff's unemployment benefits. From January 2014 to approximately the beginning of September 2014, plaintiff received unemployment benefits of approximately $450.00 every two weeks, (see Plt's Depo. at 417), amounting to approximately $14,400 (32 weeks x $450.00). This amount, which reflects mitigation of damages, should be taken into account in determining the amount in controversy. See Melendez v. HMS Host Family Restaurants, Inc., 2011 WL 3760058, *2 (C.D. Cal. 2011) (remanding case where amount in controversy was not met after reducing potential lost wages by the amount of disability benefits plaintiff received); Lamke v. Sunstate Equipment Co., LLC, 319 F.Supp.2d 1029 (N.D. Cal. 2004) (explaining that inquiry into mitigation of damages was appropriate in determining the amount in controversy in a removal case). Reducing plaintiff's lost wages by the unemployment benefits received reduces the amount of potential lost wages to $30,193.20 ($44,593.92 - $14,400).

Defendant also relies on plaintiff's claim for attorney's fees to satisfy the amount in controversy. (See NOR at ¶¶ 44-49). "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT&T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). Defendant estimates that, at the time of removal, plaintiff had incurred over $60,000.00 in attorney's fees. (See NOR at ¶ 49). In support of that contention, defendant cites plaintiff's counsels' hourly rates of $400 and $325. (See id.) (citing Suarez v. Cnty. of Los Angeles, 2009 WL 1709579 (Cal. Ct. App. 2009)). Specifically, defendant argues that, at those rates, "even if Plaintiff's counsel only spent 50%-80% of the amount of time to date as Defendant's counsel has spent on the case, Plaintiff's attorneys' fees to date would be $30,000 to $55,000." (Id.).

The court is not persuaded by defendant's speculative estimate of plaintiff's attorney's fees. Defendant does not cite evidence to substantiate its estimate of the number of hours plaintiff's counsel has expended in litigating this case, (see, generally, NOR at ¶ 49), nor does it cite any

---

[4] Defendant states that plaintiff was a full-time employee, (see Rolletta Decl. at ¶ 3), but does not indicate whether plaintiff was a salaried employee or the average number of hours she worked per week, (see, generally, NOR); this information is necessary to determine the actual amount of lost wages. Further, the court is troubled by the instant removal. Other than the passage of time and the taking of plaintiff's deposition, nothing in the case has changed since defendant last removed the action in February 2014. Arguably, a defendant employer can manipulate the removal process by simply waiting – as defendant apparently did here – to take the deposition of the plaintiff to allow plaintiff's claim for back wages to accrue and eventually reach the amount in controversy threshold.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8218 FMO (SHx) | Date | **November 10, 2014** |
|---|---|---|---|
| Title | **Amy Hill v. Avis Budget Car Rental LLC, et al.** | | |

authority for its use of an arbitrary percentage of the time defense counsel spent litigating the case to evaluate the amount of time plaintiff's counsel should or reasonably could have expended in bringing forth this case. (See, generally, id.). Such doubts and speculation as to the amount of attorney's fees militate against including plaintiff's attorney's fees in determining the amount in controversy. See Banuelos v. Colonial Life & Acc. Ins. Co., 2011 WL 6106518, *1 (C.D. Cal. 2011) ("Defendant provides no factual basis for determining the amount of fees incurred thus far[.] . . . Thus, [d]efendant's inclusion of [p]laintiff's attorney's fees is speculative, unsupported and cannot be included in determining the amount in controversy."); MIC Philberts Investments v. Am. Cas. Co. of Reading , Pa., 2012 WL 2118239, *6 (E.D. Cal. 2012) (same).

Defendant's reliance on plaintiff's demand for emotional distress damages, (see NOR at ¶¶ 50-51), is similarly unpersuasive. Even if emotional distress damages are potentially recoverable, plaintiff's Complaint does not allege any specific amount for her emotional distress claims, (see, generally, Complaint at 11) (Prayer for Relief), and plaintiff's deposition testimony, while elaborating on facts related to her emotional distress claim, (see Plt's Depo. at 430-34), does not provide any more specificity as to the potential recovery for plaintiff's emotional distress claim. (See, generally, id.). Defendant – once again, (see NOR, Exh. C (Court's Order of April 2, 2014) at 5 n. 4) – cites to Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), where the Ninth Circuit upheld a district court's determination that though plaintiff had not argued for a specific amount, a reward for emotional damages would add $25,000 to plaintiff's claim. (See NOR at ¶ 33). In that case, however, defendants presented and "the district court properly considered plaintiff's interrogatory answers and emotional distress damage awards in similar age discrimination cases in Washington." Kroske, 432 F.3d at 980. As discussed, plaintiff's deposition testimony does not establish an amount of damages nor are the cases defendant offers analogous or useful for the court's determination that an award of $25,000 for emotional distress could be warranted in this case.[5] (See, generally, NOR). It would therefore be speculative to include these

---

[5] Defendant relies on jury verdict reports in its effort to establish plaintiff's claim for emotional distress. (See NOR at Exh. H). However, given that the information in the reports is provided by the attorneys involved in the case and in many instances by attorneys for only one side, the court questions the utility of relying on such reports. In any event, even assuming it was proper to rely on such verdict reports, the cases defendant relies on, (see id. at ¶¶ 34-35), are unpersuasive. For example, in discussing Nimmo v. Montage Hotels & Resorts, LLC (2012), defendant claims that "the plaintiff-employee returned to work from medical leave related to knee and foot surgery[] . . . [and] [s]hortly after returning from leave, the employee sought a further leave of absence as an accommodation." (See NOR at ¶ 34). Defendant's characterization – seemingly attempting to analogize the injury in that case to that of plaintiff's here – is somewhat misleading. Although the plaintiff in Nimmo did have knee and foot surgery, his request for an accommodation related to a separate condition that developed after the surgery. (See NOR, Exh. H at 1) ("[S]hortly after [plaintiff's] return [from surgery], he asked for accommodations from his employer, claiming he developed leukocytoclastic vasculitis, an auto-immune disease."). Similarly, defendant's reliance on Ko v. Square Group, LLC (2014) is inapposite. (See NOR at ¶ 35). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8218 FMO (SHx) | Date | **November 10, 2014** |
|---|---|---|---|
| Title | **Amy Hill v. Avis Budget Car Rental LLC, et al.** | | |

damages in the total amount in controversy. See Davis v. Staples, Inc., 2014 WL 29117, *2 (C.D. Cal. 2014) ("[E]ven if emotional distress damages are potentially recoverable . . . [plaintiff's] Complaint does not expressly state that she is seeking emotional distress damages, and it would therefore also be speculative to include these damages in the total amount in controversy.") (internal quotations omitted).

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Valdez, 372 F.3d at 1117 ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks omitted) (third alteration added); see also Matheson, 319 F.3d at 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient."). Therefore, there is no basis for diversity jurisdiction. See 28 U.S.C. § 1332(a).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012.

2. The Clerk shall send a certified copy of this Order to the state court.

---

discussion surrounding plaintiff's emotional distress claim in Ko was centered on her supervisor's statement that the plaintiff was a "terrorist" because the plaintiff missed work and because the defendant wanted to make an example out of the plaintiff. (See id., Exh. H at 4). Plaintiff in this action does not allege any inflammatory statement such that it would make the emotional distress claims in Ko analogous to those at issue here. (See, generally, Complaint). Both Nimmo and Ko are inapposite and, therefore, inclusion of emotional distress damages in the amount in controversy would be improper. For the same reason, defendant's argument based on Nimmo and Ko that plaintiff's punitive damages claim places $44,000 to $400,000 in controversy fails. (See NOR at ¶ 43). Defendant's string cite to disability discrimination cases wherein punitive damages were awarded – with no attempt to analogize the cases to plaintiff's, (see id. at n. 4) – is no more persuasive. See Killion v. AutoZone Stores Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Simply citing these cases merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or probable in this case.").